IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAMES NICHOLSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:25-cv-1596-X-BN |
| | § | |
| PHH MORTGAGE CORPORATION, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Brantley Starr. *See* Dkt. No. 4.

Plaintiff James Nicholson filed this action in Dallas County, Texas state court against PHH Mortgage Corporation ("PHH") and the Secretary of Veteran Affairs (the "VA"). See Dkt. No. 1 at 1. In Nicholson's petition, he alleges that he is the rightful owner of a property located in Garland, Texas, which was subject to a debt acceleration and foreclosure sale in May 2025. *See id.*

The VA removed the action to this federal district court under 28 U.S.C. § 1442(a)(1) and 28 U.S.C. § 1444. *See* Dkt. No. 1.

But, after the VA filed its Notice of Removal, Nicholson voluntarily dismissed his claims against the VA. *See* Dkt. No. 5. And, so, PHH is the sole remaining defendant.

-1-

On July 2, 2025, the Court entered an order asking Nicholson to file a written response explaining his views concerning whether this action was properly removed under 28 U.S.C. § 1442(a)(1) and/or 28 U.S.C. § 1444 and whether the Court continues to have subject matter jurisdiction over this action following the voluntary dismissal of the VA under Federal Rule of Civil Procedure 41(a)(1). *See* Dkt. No. 6.

In response, Nicholson filed a Motion to Remand to State Court. *See* Dkt. No. 8.

For the following reasons, the Court should deny Nicholson's Motion to Remand [Dkt. No. 8].

## Legal Standards

A defendant may remove an action filed in state court to federal court if the action is one that could have originally been filed in federal court. *See* 28 U.S.C. § 1441(a).

But the federal courts' jurisdiction is limited, and they generally may only hear a case of this nature if it involves a question of federal law or where diversity of citizenship exists between the parties. *See* 28 U.S.C. §§ 1331, 1332.

Due to the limited nature of the Court's jurisdiction, "[t]he burden of establishing subject matter jurisdiction in federal court rests on the party seeking to invoke it." *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) (footnote omitted).

And the Court has an independent duty to ensure that there is subject matter jurisdiction, *see, e.g., Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583-84 (1999),

since "[j]urisdiction is the power to say what the law is," *United States v. Willis*, 76 F.4th 467, 479 (5th Cir. 2023). And, so, for "removals that are defective because of lack of subject matter jurisdiction," "remand may take place without such a motion and at any time." *Wisconsin Dep't of Corr. v. Schacht*, 524 U.S. 381, 392 (1998) (cleaned up; citing 28 U.S.C. § 1447(c))

## Analysis

Nicholson concedes that this action was properly removed under 28 U.S.C. § 1442(a)(1) and/or 28 U.S.C. § 1444. *See* Dkt. No. 15 at 3-4.

But, in his Motion to Remand, Nicholson explains the procedural history of this lawsuit and states that "[t]he basis for removal by [t]he VA is no longer applicable and jurisdiction is proper in the State Courts of Texas, Dallas County." Dkt. No. 8 at 2.

In the context of removal, "[t]he jurisdictional facts that support removal must be judged at the time of the removal." *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000). This follows from the "long-established general rule, holding that jurisdictional facts are determined at the time of removal, and consequently post-removal events do not affect that properly established jurisdiction." *La. v. Am. Nat. Prop. Cas. Co.*, 746 F.3d 633, 636 (5th Cir. 2014). Under this general rule, "most post-removal developments – amendment of pleadings to below jurisdictional amount or change in citizenship of a party – will not divest the court of jurisdiction." *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1181 (5th Cir. 1987).

As stated above, the VA removed the action to this federal district court under 28 U.S.C. § 1442(a)(1) and 28 U.S.C. § 1444. *See* Dkt. No. 1.

Section 1442(a)(1) makes removable a civil action commenced in a state court against "[t]he United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office." 28 U.S.C. § 1442(a)(1). The statute allows federal officers to remove to federal court cases "that ordinary federal question removal would not reach." *Latiolais v. Huntington Ingalls, Inc.*, 951 F.3d 286, 290 (5th Cir. 2020). "In particular, section 1442(a) permits an officer to remove a case even if no federal question is raised in the well-pleaded complaint, so long as the officer asserts a federal defense in the response." *Id.*

The VA alleged that removal was appropriate under section 1442(a)(1) because it is an agency of the United States and Nicholson's petition "ma[de] it clear that he is suing the VA for actions (and inactions) that are part of the federal agency's official duties and activities—specifically matters relating to dept acceleration and property foreclosure." Dkt. No. 1 at 3.

While the VA – as the removing party – had the burden of establishing the existence of federal jurisdiction, *see Berniard v. Dow Chem. Co.*, 481 F. App'x 859, 862 (5th Cir. 2010), it is no longer a party to this action.

Although PHH is almost certainly not an agency of the United States and, so, unable to exercise the federal contractor defense, Fifth Circuit law suggests that the district court does not "lose jurisdiction once [the p]laintiff ceased to assert a claim

that was subject to the federal contractor defense." *Williams v. Lockheed Martin Corporation*, 990 F.3d 852, 862 (5th Cir. 2021). "'Generally speaking, the nature of plaintiffs' claim must be evaluated, and the propriety of remand decided, on the basis of the record as it stands [a]t the time the petition for removal is filed.'" *Id.* (quoting *Westmoreland Hosp. Ass'n v. Blue Cross of W. Pa.*, 605 F.2d 119, 123 (3d Cir. 1979) (emphasis added)).

In *Lockheed Martin*, the court found that "[a]t the time the petition for removal was filed, subject-matter jurisdiction existed based on the federal contractor defense," and, so, "the exercise of the supplemental jurisdiction [under Section 1367(a)] over the remaining state law claims was also proper." *Lockheed Martin*, 990 F.3d at 863 (cleaned up).

Under Section 1444 removal, the government may remove cases initiated under 28 U.S.C. § 2410(a), which waives the government's sovereign immunity and enables private parties to sue it to determine the priority of outstanding liens on real or personal property. *See Hussain v. Bos. Old Colony Ins. Co.*, 311 F.3d 623, 629 (5th Cir. 2002). The Fifth Circuit has held that Section 1444 "'confers a substantive right to remove, independent of any other jurisdictional limitations.'" *Id.* (quoting *City of Miami Beach v. Smith*, 551 F.2d 1370, 1374 n. 5 (5th Cir.1977)).

Here, the VA established the applicability of 28 U.S.C. § 2410(a) by showing that Nicholson's lawsuit is essentially a quiet-title action against the federal government. *See* Dkt. No. 1 at 3. And, so, "federal subject matter jurisdiction is

present on the basis of Section 1444." *Hussain*, 311 F.3d at 629.

Because these federal agency-specific bases for removal provide that federal subject matter jurisdiction existed at the time of removal, *see, e.g.*, *id.*, the Court need not reach Nicholson's arguments concerning diversity jurisdiction. *See* Dkt. No. 15 at 4.

The Court should find that the VA properly removed Nicholson's lawsuit under 28 U.S.C. § 1442(a)(1) and/or 28 U.S.C. § 1444 and that it retains subject matter jurisdiction over this action.

## Recommendation

For the reasons explained above, the Court should deny Plaintiff James Nicholson's Motion to Remand [Dkt. No. 8].

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or

adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

    DATED: July 28, 2025

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE