IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAMES NICHOLSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:25-cv-1596-X-BN |
| | § | |
| PHH MORTGAGE CORPORATION, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Brantley Starr. *See* Dkt. No. 4.

Plaintiff James Nicholson filed this action in Dallas County, Texas state court against PHH Mortgage Corporation ("PHH") and the Secretary of Veteran Affairs (the "VA"). *See* Dkt. No. 1 at 1.

In Nicholson's Original Petition, he alleges that he is the rightful owner of a property located at 1118 McCallum Drive, Garland, Texas 75042 (the "Property"), which was subject to a debt acceleration and forthcoming foreclosure sale in May 2025. *See* Dkt. No. 1-5.

The VA removed the action to this Court under 28 U.S.C. § 1442(a)(1) and 28 U.S.C. § 1444. *See* Dkt. No. 1. After the VA filed its Notice of Removal, Nicholson voluntarily dismissed his claims against the VA. *See* Dkt. No. 5. But the Court determined that it retained jurisdiction over this action. *See* Dkt. Nos. 17 & 24.

On July 15, 2025, PHH filed a motion to dismiss Nicholson's Original Petition. *See* Dkt. No. 10.

Nicholson then filed a First Amended Petition, which added Codilis & Moody, P.C. ("Codilis") as a named defendant. *See* Dkt. No. 14. Codilis has yet to appear in this action, and the undersigned cannot ascertain from the record whether it has been properly served to date.

The Court ordered PHH to advise the Court if it should treat the pending motion to dismiss [Dkt. No. 10] as directed to Nicholson's First Amended Petition [Dkt. No. 14] or if the motion should be terminated as moot. *See* Dkt. No. 18.

After reviewing PHH's response, *see* Dkt. No. 23, the Court noted that it would apply PHH's motion to dismiss to the First Amended Petition, *see* Dkt. No. 27.

The undersigned now enters these findings of fact, conclusions of law, and recommendation that the Court should grant PHH's motion to dismiss [Dkt. No. 10]; dismiss with prejudice Nicholson's negligence claim PHH; dismiss without prejudice Nicholson's wrongful foreclosure claim against PHH and all claims against Codilis; and grant Nicholson leave to amend his complaint by a reasonable deadline to be set by the Court.

## Legal Standards

Considering a motion under Rule 12(b)(6), the Court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007).

Even so, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level," *id*. at 555.

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *cf. Bryant v. Ditech Fin., L.L.C.*, No. 23-10416, 2024 WL 890122, at *3 (5th Cir. Mar. 1, 2024) ("[J]ust as plaintiffs cannot state a claim using speculation, defendants cannot defeat plausible inferences using speculation.").

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.

So, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id*. (cleaned up; quoting *Twombly*, 550 U.S. at 557); *see, e.g.*, *Parker v. Landry*, 935 F.3d 9, 17 (1st Cir. 2019) (Where "a complaint reveals random puffs of smoke but nothing resembling real signs of fire, the plausibility standard is not satisfied.").

And, while Federal Rule of Civil Procedure 8(a)(2) does not mandate detailed factual allegations, it does require that a plaintiff allege more than labels and

-3-

conclusions, and, so, while a court must accept a plaintiff's factual allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

Consequently, a threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.*; *Armstrong v. Ashley*, 60 F.4th 262, 269 (5th Cir. 2023) ("[T]he court does not 'presume true a number of categories of statements, including legal conclusions; mere labels; threadbare recitals of the elements of a cause of action; conclusory statements; and naked assertions devoid of further factual enhancement.'" (quoting *Harmon v. City of Arlington, Tex.*, 16 F.4th 1159, 1162-63 (5th Cir. 2021))).

And, so, "to survive a motion to dismiss" under *Twombly* and *Iqbal*, plaintiffs must "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that they contend entitle them to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014) (per curiam) (citing Fed. R. Civ. P. 8(a)(2)-(3), (d)(1), (e)).

And "it is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record." *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007); *see* FED. R. CIV. P. 201; *accord Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2008) (directing courts to "consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and

matters of which a court may take judicial notice").

## Analysis

I.    **Nicholson has not properly alleged he was entitled to notice of default.**

Nicholson's First Amended Petition alleges that PHH sent him a Notice of Acceleration and Notice of Posting and Foreclosure on March 10, 2025, which set a foreclosure sale date of May 6, 2025. Dkt. No. 14 at 3.

Nicholson alleges that "[t]he Notice of Acceleration and Foreclosure was the only notice that [he] received from [PHH], [and] no other notices were given." *Id.* And, so, Nicholson claims that, because he "never received a demand for payment or any notice of a default, [he] was not given the required notice of the cure period." *Id.*

All of Nicholson's claims against PHH are based on its failure to send him a notice of default before moving forward with foreclosure. *See generally id.*

And, so, as an initial matter, the undersigned must determine if Nicholson was entitled to notice of default from PHH.

PHH contends that Nicholson "is an heir of the deceased obligor. [Nicholson] is not a party to the Note or Deed of Trust. He is not legally responsible for paying the amount due on the Note. Therefore, he is not legally entitled to any notice under the Deed of Trust and the Texas Property Code." Dkt. No. 10 at 4.

Nicholson alleges that he acquired possession of the Property on July 17, 2014 and that he "is the rightful owner of the Property and was and continues to be in possession of the property and is entitled to possession of the Property." Dkt. No. 14 at 4. And, so, Nicholson argues, he is entitled to a notice of default under Section

51.002(d) of the Texas Property Code. *See* Dkt. No. 28 at 10.

But this allegation alone does not show that Nicholson is entitled to notice.

Section 51.002 requires a mortgage servicer to provide a notice of default and an opportunity to cure the default to "a debtor in default under a deed of trust or other contract lien on real property used as the debtor's residence." TEX. PROP. CODE § 51.002(d).

That Nicholson owns and possesses the Property does not automatically make him a "debtor in default under [the] deed of trust." *Id.*; *accord Trien v. Fed. Home Loan Mortg. Corp.*, 400 F. Supp. 3d 596, 605 (W.D. Tex. 2019) (holding that notice of default "need only be sent to debtors who are 'parties to the deed of trust,' unless the instrument itself provides otherwise") (quoting *Montenegro v. Ocwen Loan Servicing*, 419 S.W.3d 561, 570 (Tex. App. – Amarillo 2013, pet. denied)).

And Nicholson has not alleged that he is a debtor under the terms of the Deed of Trust.

The undersigned notes that surviving spouses and heirs of an estate inherit real property subject to the decedent's debts, which constitute liens against the property. *See* TEX. PROP. CODE § 13.001(b) (heirs inherit real property subject to recorded deeds of trust); TEX. EST. CODE § 101.051 (formerly codified at TEX. PROB. CODE § 37.001); *see also Perkins v. Cain's Coffee Co.*, 466 S.W.2d 801, 803 (Tex. Civ. App. – Corpus Christi 1971, no writ) (under Texas Probate Code Section 37, property of the decedent received by the heirs is subject to payment of the debts of the

decedent, and such debts constitute a lien on the estate).

And Nicholson's First Amended Petition refers to an "Affidavit of Heirship Regarding John Robert Nicholson, recorded on July 17, 2014 in Dallas County Real Property Records instrument number 201400178365." *Id.* at 3. The Court may take judicial notice of the affidavit, attached to Nicholson's response, as a public record. *See* Dkt. 28 at 23-28.

The affidavit states that John Robert Nicholson – Nicholson's father – "owned an interest" in the Property. *Id.* at 23-24. And it states that, as the sole beneficiary of his father's estate, Nicholson inherited the estate upon his father's death. *See id.* at 24.

But the First Amended Petition contains no allegations as to the Deed of Trust's provisions. And, although the Court may take judicial notice of public records, neither party has provided a copy of the Deed of Trust.

And, so, the undersigned cannot ascertain what obligations John Robert Nicholson had under the Deed of Trust or whether, by the terms of the contract, Nicholson inherited any such obligations from his father. *Accord Micciche v. New Horizon Mortg. Inc.*, No. SA-23-cv-495-XR, 2023 WL 4357229, at *3 (W.D. Tex. July 5, 2023) (holding that, although plaintiffs were heirs of the original obligor, they were not "legally responsible for paying the indebtedness").

The Court should find that Nicholson has not properly pleaded that he was owed notice of default under the Deed of Trust or Section 51.002.

## II.   <u>Nicholson's negligence claim should be dismissed with prejudice.</u>

The elements of a negligence cause of action in Texas are (1) the existence of a legal duty; (2) a breach of that duty; and (3) damages proximately caused by that breach. *See Boudreaux v. Swift Transp. Co., Inc.,* 402 F.3d 536, 540-41 (5th Cir. 2005) (citing *IHS Cedars Treatment Ctr. of Desoto, Tex., Inc. v. Mason*, 143 S.W.3d 794, 798 (Tex. 2004)).

In the mortgage context, there is no special relationship between a mortgagor and a mortgagee, or between a servicer and a borrower, that would impose an independent common law duty on PHH. *See Thigpen v. Locke,* 363 S.W.2d 247, 253 (Tex. 1962) (finding no fiduciary relationship between a banker who made personal loans and took interest in the business and the borrower); *UMLIC VP LLC v. T & M Sales & Envtl. Sys., Inc.,* 176 S.W.3d 595, 613-15 (Tex. App. – Corpus Christi 2005, pet. denied) (holding mortgagor did not owe mortgagee a duty in negligence for conduct relating to the foreclosure sale because the deed of trust governs the duties of the parties); *Fraley v. BAC Home Loans Servicing, LP,* No. 3:11-cv-1060-N-BK, 2012 WL 779130, at *8 (N.D. Tex. Jan. 10, 2012) (dismissing gross negligence claim because, "as mortgagor, Defendants did not owe a legal duty to Plaintiff") (citation omitted), *rec. adopted*, 2012 WL 779654 (N.D. Tex. Mar. 9, 2012).

Nicholson alleges that PHH owed him a duty under Section 51.002 "to provide the notices required by the Texas Property Code"; that PHH "breached their duty to [him] by failing to provide required notices"; and that, "[a]s a result of [PHH], [he] has been damaged in an amount that does not exceed the jurisdictional limits of this

-8-

Court." Dkt. No. 14 at 13.

Nicholson's negligence claim fails because, as explained above, he has not alleged that he was owed notice of default under the Deed of Trust and, so, Section 51.002. *Accord M Speed Motor Sports LLC v. Capital Fund I, LLC*, No. 3:24-cv-2288-N, 2025 WL 1160007, at *2 (N.D. Tex. Apr. 21, 2025) ("This negligence claim fails because M Speed's allegations are not sufficient to infer that any legal duty was breached. M Speed alleges that Capital Fund failed 'to comply with the notice provisions contained in the deed of trust before accelerating the note and foreclosing on the property.' However, M Speed expressly waived any right to receive notice or a cure opportunity under the deed of trust.").

Nor is Nicholson's conclusory allegation that he "has been damaged" sufficient to plead a negligence claim. *See* Dkt. No. 14 at 13.

And, even if Nicholson had alleged that PHH breached a duty and caused Nicholson damages, the undersigned finds that this claim would be barred by the economic loss doctrine.

Under Texas law, the economic loss rule "generally precludes recovery in tort for economic losses resulting from the failure of a party to perform under a contract." *Lamar Homes, Inc. v. Mid-Continent Cas. Co.,* 242 S.W.3d 1, 12 (Tex. 2007). And, so, tort damages are generally not recoverable if the defendant's conduct "would give rise to liability only because it breaches the parties' agreement." *Sw. Bell Tel. Co. v. DeLanney*, 809 S.W.2d 493, 494 (Tex. 1991) ("When the only loss or damage is to the

subject matter of the contract, the plaintiff's action is ordinarily on the contract.").

But tort damages are recoverable if the defendant's conduct "would give rise to liability independent of the fact that a contract exists between the parties." *Id.*

Courts in this circuit consistently apply the economic loss rule to claims against mortgage servicers arising out of loan obligations and defaults. *See, e.g.*, *Miller v. CitiMortgage, Inc.*, 970 F. Supp. 2d 568, 583-84 (N.D. Tex. 2013); *Kiper v. BAC Home Loans Servicing, LP*, 884 F. Supp. 2d 561, 577 (S.D. Tex. 2012); *Mitchell v. Carrington Mortg. Servs., LLC*, No. 3:19-cv-1173-E, 2020 WL 825817, at *4-*5 (N.D. Tex. Jan. 30, 2020); *Hammond v. Ocwen Loan Servicing, LLC*, No. 3:25-cv-2599-BN, 2014 WL 5326722, at *4-*5 (N.D. Tx. Oct. 20, 2014).

Here, Nicholson's claims against PHH arise out of the Loan that PHH services and PHH's alleged failure to provide notice of a default on the Loan.

And, so, Nicholson's negligence claim is barred by the economic loss rule and fails as a matter of law. *Accord Zamora v. Wells Fargo Bank, N.A.*, No. H-19-3966, 2020 WL 4708153, at *3 (S.D. Tex. Aug. 13, 2020) (barring, under the economic loss rule, a negligence per se claim based on defendant's violation of Section 51.002).

The Court should dismiss Nicholson's negligence claim with prejudice. *See Allen v. Navy Fed. Credit Union*, No. 3:24-cv-949-L-BN, 2025 WL 484818, at *13 (N.D. Tex. Feb. 13, 2025) ("[A] district court need not grant a motion to amend if doing so would be an exercise in futility." (citations omitted)).

## III. Nicholson's wrongful foreclosure claim should be dismissed without prejudice.

To state a wrongful foreclosure claim under Texas law, a plaintiff must plead (1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the defect and the grossly inadequate selling price. *See Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 256 (5th Cir. 2013).

"The plaintiff must allege a grossly inadequate selling price in all but a specific category of cases where the plaintiff alleges that the defendant deliberately chilled the bidding at the foreclosure sale." *Villarreal v. Wells Fargo Bank, N.A.*, 814 F.3d 763, 767-68 (5th Cir. 2016) (cleaned up).

Implicit in this standard is a requirement that a foreclosure sale take place. *See James v. Wells Fargo Bank, N.A.*, 533 F. App'x 444, 447 (5th Cir. 2013) (per curiam) ("[C]ourts in Texas do not recognize an action for attempted wrongful foreclosure." (quoting *Motten v. Chase Home Fin.*, 831 F. Supp. 2d 988, 1007-08 (S.D. Tex. 2011))).

PHH's motion to dismiss states that the foreclosure sale of the Property took place on July 1, 2025. *See* Dkt. No. 10 at 3. But this fact is not included in Nicholson's allegations. *See* Dkt. No. 14

 In his First Amended Petition, Nicholson seeks to "enjoin and restrain a foreclosure sale." *Id.* at 3. And, so, he has not adequately pleaded a wrongful foreclosure claim.

And, even if the Court could accept as true PHH's admission that the

-11-

foreclosure occurred, Nicholson's complaint does not allege any facts to support the elements of a wrongful foreclosure claim.

As to the first element, Nicholson claims that he did not receive a notice of default as required by Section 51.002(d) of the Texas Property Code. *See* Dkt. No. 14 at 3, 9.

But, as explained above, Nicholson has not alleged that he was entitled to notice of default.

As to the second and third elements, Nicholson alleges no facts indicating a grossly inadequate selling price or a causal connection between the defect and the selling price.

A plaintiff does not need to show a grossly inadequate selling price if the plaintiff alleges "that the defendant-mortgagee (lender) deliberately 'chilled' the bidding at the foreclosure sale," but Nicholson does not allege facts to allow the Court to infer that he can meet this exception. *Miller v. BAC Home Loans Servicing, L.P.*, 726 F.3d 717, 727 (5th Cir. 2013); *Chowdhury v. Carrington Mortg. Servs., LLC*, No. 3:23-cv-596-K-BN, 2024 WL 628027, at \*5 (N.D. Tex. Jan. 18, 2024), *rec. adopted*, 2024 WL 628213 (N.D. Tex. Feb. 14, 2024).

And, so, the undersigned finds Nicholson has not alleged sufficient facts to plead a wrongful foreclosure claim against PHH.

But, because PHH has indicated that a foreclosure sale has occurred, it is likely that Nicholson has not yet alleged his best case for his wrongful foreclosure claim.

And, so, the Court should dismiss the wrongful foreclosure claim without prejudice and grant Nicholson further leave to amend the claim. *Cf. Allen*, 2025 WL 484818, at \*13 ("Granting leave to amend … is not necessary when the plaintiff has pleaded his or her 'best case' after being apprised of pleading deficiencies." (citations omitted)).

## IV.   Nicholson's request for injunctive relief should be denied.

As discussed above, Nicholson does not allege that PHH foreclosed on the Property or that Nicholson no longer possesses the Property. Instead, Nicholson requested injunctive relief to prevent PHH from foreclosing on the Property. And, so, at the pleading stage, the undersigned cannot rely on PHH's contention that the Property was sold on July 1, 2025 and find that Nicholson's request for injunctive relief is moot.

But, under Texas law, a request for injunctive relief "'is not in and of itself a cause of action, but instead necessarily depends on an underlying cause of action.'" *Grace v. Everhome Mortg. Co.*, No. 3:13-cv-4563-B, 2015 WL 5146678, at \*6 (N.D. Tex. Sept. 2, 2015) (citing *Wildy v. Wells Fargo Bank, NA*, No. 3:12-cv-1831-BF, 2013 WL 246860, at \*6 (N.D. Tex. Jan. 21, 2013); *Cook v. Wells Fargo Bank, N.A.*, No. 3:10-cv-592-D, 2010 WL 2772445, at \*4 (N.D. Tex. July 12, 2010)); *Thomas v. EMC Mortg. Corp.*, 499 F. App'x, 337, 343 n.15 (5th Cir. 2012) ("[A] request for injunctive relief absent an underlying cause of action is fatally defective.").

And, so, because Nicholson has not alleged a cause of action, his request for

injunctive relief cannot survive at this time.

And the Court should deny the request for injunctive relief without prejudice.

## V.   Nicholson has not properly alleged that the Property is entitled to homestead protection.

Nicholson alleges that the Property is protected from foreclosure by Article 16, § 50(a) of the Texas Constitution, which protects homesteads from forced sale for the payment of debts unless the homestead is subject to a lien that satisfies the requirements of the provision. *See* TEX. CONST. art. XVI, §50(a). The burden of showing that the property is a homestead lies with the plaintiff. *See In re Brei*, 599 B.R. 880, 891-92 (Bankr. N.D. Tex. 2019).

But Nicholson has not alleged any facts in his First Amended Petition to show that the Property is a homestead.

And, so, the undersigned cannot find at this time that the Property is entitled to the protection given by Article 16, § 50(a).

## VI.   Nicholson's claims against Codilis should be dismissed without prejudice.

In his First Amended Petition, Nicholson added Codilis as a defendant. *See* Dkt. No. 14 at 2. Codilis appears to be the law firm that represents PHH in this lawsuit. *See* Dkt. No. 10 at 5-6.

Codilis has not appeared as a party in this case, nor does the record show that Codilis was served with process.

And PHH's motion to dismiss does not address the claims against Codilis.

-14-

But "[i]t is well-established that a district court may dismiss a complaint on its own motion under [Rule] 12(b)(6) for failure to state a claim upon which relief may [be] granted." *Starrett v. U.S. Dep't of Defense*, No. 3:18-cv-2851-M-BH, 2018 WL 6069969, at \*1 (N.D. Tex. Oct. 30, 2018) (citing *Carroll v. Fort James Corp.*, 470 F.3d 1171 (5th Cir. 2006) (citing, in turn, *Shawnee Int'l, N.V. v. Hondo Drilling Co.*, 742 F.2d 234, 236 (5th Cir. 1984))), *rec. adopted*, 2018 WL 6068991 (N.D. Tex. Nov. 20, 2018), *aff'd*, 763 F. App'x 383 (5th Cir. 2019) (per curiam).

A district court may exercise its "inherent authority ... to dismiss a complaint on its own motion ... 'as long as the procedure employed is fair.'" *Gaffney v. State Farm Fire & Cas. Co.*, 294 F. App'x 975, 977 (5th Cir. 2008) (per curiam) (quoting *Carroll*, 470 F.3d at 1177 (quoting, in turn, *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998)); citation omitted). The United States Court of Appeals for Fifth Circuit has "suggested that fairness in this context requires both notice of the court's intention to dismiss *sua sponte* and an opportunity to respond." *Id.* (quoting *Lozano v. Ocwen Fed. Bank, FSB*, 489 F.3d 636, 643 (5th Cir. 2007) (quoting, in turn, *Carroll*, 470 F.3d at 1177); internal quotation marks and brackets omitted). These findings, conclusions, and recommendation provide notice, and the period for filing objections to them affords an opportunity to respond. *Accord Starrett*, 2018 WL 6069969, at \*2 (citations omitted).

Here, the undersigned notes that the First Amended Petition – though it joins Codilis as a defendant – contains no factual or legal allegations against it.

-15-

And, so, the Court should dismiss without prejudice Nicholson's claims – if any – against Codilis.

## Recommendation

The Court should grant Defendant PHH Mortgage Corporation's motion to dismiss [Dkt. No. 10]. It should dismiss with prejudice Plaintiff James Nicholson's negligence claim against Defendant PHH Mortgage Corporation. And it should dismiss without prejudice Plaintiff's wrongful foreclosure claim against Defendant PHH and all claims against Defendant Codilis & Moody PC and grant Plaintiff leave to amend his complaint as to those claims by a reasonable deadline to be set by the Court.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. See 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or

adopted by the district court, except upon grounds of plain error. *See Douglass v.*

*United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: February 5, 2026

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE